IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LOUIS RICK KEEFER,
et al.,

    Plaintiffs,

vs.

OHIO DEPARTMENT OF JOB
AND FAMILY SERVICES,
et al.,

    Defendants.

Case No. C2-02-476
Judge Edmund A. Sargus, Jr.
Magistrate Judge Terrence P. Kemp

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Dismissal pursuant to Fed. R. Civ. P. 41(a). Also before the Court is Defendants' Motions to Dismiss on the merits pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, Plaintiffs' Motion to Dismiss their case is **GRANTED**. The Court, therefore, declines to rule on Defendants' Motion.

### I.

Plaintiffs are or were employees of Defendant, Ohio Department of Jobs and Family Services ("ODJFS"). Plaintiffs' salaries are paid in part from funds received by ODJFS pursuant to federal funding for foster care and adoption, medical assistance, and food stamp programs.

On July 1, 2000, two state agencies, the Ohio Bureau of Employment Services and the Ohio Department of Human Services, merged to form ODJFS. The merger was directed via state legislation, Amended Substitute House Bill 470 ("H.B. 470"). ODJFS handles the State of Ohio's public assistance programs such as food stamps, unemployment compensation, foster care and adoption, and Medicaid.

Generally speaking, states routinely agree to comply with federally-imposed conditions in exchange for various types of federal funds. ODJFS, as an arm of the State of Ohio, receives federal funding for payments relating to foster care and adoption, medical assistance, employment services, food stamps and unemployment compensation. In each instance, the federal government has proscribed personnel standards and has imposed a condition requiring that the State follow merit-selection systems in order to voluntarily participate in the various federally-funded programs. *See* 42 U.S.C. § 671(a)(5) (foster care and adoption); 42 U.S.C. § 1396(a)(4)(A) (medical assistance); 42 U.S.C. § 503(a)(1) (employment services); 42 U.S.C. § 2020(e)(6)(B) (food stamps); and 42 U.S.C. § 503(a)(6)B) (unemployment compensation). If ODJFS is to receive federal funding under these statutes, the State must include merit principles in its personnel programs and set forth those principles in the plan it submits to the federal government seeking funding. The statutes and accompanying regulations generally require the state to certify that its civil service system conforms to federal "merit" standards.

Prior to the merger between Ohio Bureau of Employment Services and the Ohio Department of Human Services, the Ohio Bureau employed all of the Plaintiffs as Account Managers. As a result of the merger, Plaintiffs were reassigned and/or transferred into new positions within ODJFS. Plaintiffs allege that they were demoted and their salaries were frozen. Plaintiffs allege that the transfer demoted them and their pay was frozen until their new pay range meets or exceeds their current rate of compensation.

Plaintiffs filed a Complaint in this Court on May 16, 2002 and an Amended Complaint on May 24, 2002. At its essence, Plaintiffs claim that H.B. No. 470 and their corresponding transfers are unlawful because the State of Ohio, after certifying to the federal government that R.C. Chapter

-2-

124 was its civil-service, merit-based program, could not suspend the Merit Selection process requirements for two years. Defendants moved to dismiss the claims, arguing, generally that (1) the Court lacked jurisdiction over Plaintiffs' claims by virtue of the fact that the State of Ohio has a special sovereign interest such that the claims were barred by the doctrine of sovereign immunity; (2) Plaintiffs lacked standing to sue as to some of their claims because they were not the intended beneficiaries of the welfare monies administered by ODJFS; and (3) the civil service system maintained by the State of Ohio provided adequate protections and, moreover, ODJFS complied with the concept of federally mandated merit principals when it transferred Plaintiffs.

At the same time Plaintiffs were pursuing their federal case, an identical action progressed in the courts of the State of Ohio on an expedited basis.[1] Defendants notified the Court of a decision issued by the Franklin County Court of Common Pleas on March 11, 2003 which was adverse to Plaintiffs. The Defendants argued that the decision had claim-preclusive effects on the matter pending before this Court. The parties agreed that resolution of the claim-preclusion issues was necessary prior to rendering a decision on the parties' pending motions in this case. Accordingly, the parties' dispositive motions were denied without prejudice to renewal while they awaited a final order from the Franklin County Court of Common Pleas. Plaintiffs, however, appealed the decision. The Franklin County Court of Appeals affirmed the decision of the trial court, and held that the employees failed to establish how the reorganization legislation of H.B. No. 470 violated federal merit personnel requirements and that ODJFS was not required to disregard the reorganization legislation in favor of the civil-service statutes. The court of appeals also determined that the

---

[1] The same Plaintiffs in this case pursued a temporary restraining order and preliminary injunction in the Franklin County Court of Common Pleas. *See Keefer v. Ohio Department of Job and Family Services*, Case No. 02-CVH-05-4839.

employees were not entitled to a preliminary injunction because, in addition to their failure to demonstrate a likelihood of success on the merits, the public interest weighed against granting an injunction which would require ODJFS to disregard the reorganization plan and change the pay of some 4,000 effected employees.

This Court held a status conference, after which Defendants re-activated their Motion to Dismiss and additionally filed a supplemental memorandum on the issue of the *res judicata* effect of the state court decision.

Plaintiffs did not re-activate their dispositive motion or their memoranda in opposition to Defendants' motions. Instead, Plaintiffs filed a Motion for Dismissal, without prejudice, under Fed. R. Civ. P. 41(a)(2). Plaintiffs maintain in their Motion that, "[d]ue to the length of time that this case has been pending, the Defendant has prevailed by virtue of the fact that the relief sought is no longer meaningful . . . ." (Pls' Mot. to Dismiss, at p. 1.) Plaintiffs have instructed their counsel that they do not wish to pursue this matter further. Defendants oppose the Motion, arguing that they will suffer prejudice if the Court grants Plaintiffs' request for dismissal of the case at this juncture.

## II.

Plaintiffs move for a voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. A plaintiff must receive permission from the Court to voluntarily dismiss the case, absent stipulation of the parties, if an answer or motion for summary judgment has been filed. Rule 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper . . . ."

In this case, however, Defendants have not yet filed an answer or a motion for summary judgment. Rule 41(a)(1), by contrast, states as follows:

> [A]n action may be dismissed by the plaintiff without order of the court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs....

Fed.R.Civ.P. 41(a)(1). Thus, Rule 41(a)(1) limits a plaintiff's authority to dismiss his or her complaint without prejudice and without the permission of either the adverse party or the court to the period of time before the defendant files an answer or a motion for summary judgment. "During that period, the court has no discretion to deny such a dismissal. However, once the defendant files an answer or a motion for summary judgment, plaintiff loses this right." *Aamot v. Kassel*, 1 F.3d 441, 443 (6th Cir. 1993)(citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394-95 (1990)).

In this case, although they have not filed an answer or summary judgment motion, Defendants have filed a Motion to Dismiss. Defendants oppose Plaintiffs' Motion to Dismiss pursuant to Rule 41 because of the time and expense they have incurred in defending this case and in preparing their memoranda supporting their Motion to Dismiss on the merits. The prevailing view, however, is that a Rule 12(b)(6) motion to dismiss is not itself sufficient to terminate Plaintiffs' right to a dismissal under Rule 41(a)(1)(i).[2] *Id.* "Rule 41(a)(1) explicitly leaves the option to dismiss in the plaintiff's hands; once plaintiff gives his notice, the lawsuit is no more." *Id.* at 444.

Because Defendants have not filed an answer or a motion for summary judgment, Plaintiffs may dismiss their case without leave of court or permission of Defendants. Although they have moved the Court for permission to do so, Plaintiffs have, as a matter of procedure, the right simply

---

[2] There may be some question as to how a court should treat a notice of dismissal that is filed after defendant files a motion to dismiss under Fed.R.Civ.P. 12(b)(6) when the defendant has appended to it "matters outside the pleading," because the court may in its discretion convert it to a Rule 56(b) motion for summary judgment. That is not the case here. Defendants did not attach "matters outside the pleadings" to their Motions to Dismiss, and there is no request or basis to convert the Motions to Dismiss to ones for summary judgment.

to give notice of their intention to dismiss this action. On that basis, Plaintiffs' Motion to Dismiss is **GRANTED**.

### III.

For the foregoing reasons, Plaintiffs' Motion to Dismiss (Doc. # 34**) is GRANTED**. This case is dismissed without prejudice. The Clerk is directed to remove this case from the Court's pending cases and motions list.

**IT IS SO ORDERED.**

_____8-12-2005_____
**DATED**

_____
**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**